| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ST. JOSEPH CIRCUIT/~~SUPERIOR~~ COURT |
| | ) SS: | |
| ST. JOSEPH COUNTY | ) | CAUSE NO. 71 C01-1103-PL-000066 |

JILL DUNIGAN,

    Plaintiff,

vs.

WEST 10TH DENTAL GROUP,
PROFESSIONAL CORPORATION

    Defendant.

- FILED -

MAR 21 2011

Clerk
St. Joseph Circuit Court

## COMPLAINT

The plaintiff Jill Dunigan states the following as and for her Complaint against the defendant West 10th Dental Group, Professional Corporation.

1. The plaintiff Jill Dunigan ("Dunigan") is an adult natural person resident of Indiana.

2. The defendant West 10th Dental Group, Professional Corporation ("Dental Group") is an Indiana professional corporation. The Dental Group's office is located at 6443 West 10th Street, Suite 204, Indianapolis, Indiana 46214.

3. Under Ind. Trial Rule 75(A), this action may be venued properly in St. Joseph County, Indiana. St. Joseph County is not necessarily a preferred venue.

4. Dunigan was employed by Dental Group for approximately 9.5 years. Her most recent position was hygiene assistant.

5. In March 2010, Dunigan had been suffering from chronic headaches for three


EXHIBIT A

years. The symptoms were becoming increasingly worse and extended to chronic muscle pain, particularly in her shoulder, back and neck. Dunigan was receiving medical treatment for her condition. Dental Group supervisors knew about Dunigan's ongoing symptoms.

6. In late March 2010, Dunigan underwent additional medical tests. Her physician was diagnosing her with fibromyalgia.

7. On March 30, 2010, Dunigan told her boss, Dr. Brent Barta, D.D.S. ("Barta"), the owner of Dental Group, and Luan Denney ("Denney"), the office administrator of Dental Group, that Dunigan's physician was diagnosing her with fibromyalgia. She discussed the situation in detail with Denney and inquired about supplemental insurance and short term disability insurance through Dental Group.

8. Dunigan was scheduled to be off work for vacation on April 1, April 2, and April 5, 2010.

9. Dunigan mistakenly reported to work on April 5, 2010. Denney told Dunigan that she was not supposed to be at work. Denney was hostile toward Dunigan and attempted to provoke Dunigan into a confrontation. This was Dunigan's first visit to Dental Group's office since telling Barta and Denney about her fibromyalgia. After seeing whether there was anything she could do to help while there, Dunigan returned home. Dunigan discussed Denney's conduct with Barta.

10. Later on April 5, 2010, Denney telephoned Dunigan and terminated Dunigan's employment with Dental Group. Denney declined to give any reason for the termination.

11. On April 12, 2010, Dental Group sent Dunigan a letter alleging that Dunigan was terminated due to her negative attitude, lack of respect for authority, and previous disrespectful and negative behaviors. Those allegations were not supported by Dunigan's employment experiences, nor by her informal and formal work evaluations.

12. In dealing with Dunigan, Dental Group did not follow its standard procedures for discipline, termination, and retirement. The stated reasons for terminating Dunigan were untrue, unsupported, without good faith basis, and pretextual.

13. In dealing with Dunigan's medical issues, possible need for medical-related leave, and in deciding to terminate and terminating Dunigan, Dental Group did so based upon improper and illegal reasons.

## COUNT I - VIOLATION OF AMERICANS WITH DISABILITIES ACT

14. Dunigan restates and realleges paragraphs 1 through 13 of the Complaint as though fully set forth.

15. At all relevant times, Dunigan was a qualified individual with a disability. She was capable of performing the functions of her job at Dental Group, with or without

reasonable accommodation.

16. In the alternative, Dunigan was regarded as or perceived as disabled by Dental Group, or Dental Group was aware of and acted based upon some past disability or record of disability of Dunigan.

17. Dental Group failed and refused to engage in an interactive process with Dunigan to address and reasonably accommodate her medical condition..

18. Dental Group discriminated against and terminated Dunigan for reasons that violated the Americans with Disabilities Act.

19. Because of Dental Group's violations, Dunigan suffered and continues to suffer reasonably foreseeable damages, for which Medical Group is liable.

## COUNT II - FMLA VIOLATION

20. Dunigan restates and realleges paragraphs 1 through 19 of the Complaint as though fully set forth.

21. Dental Group's actions may, in addition, have violated the Family and Medical Leave Act, or constituted unlawful retaliation under the Family and Medical Leave Act, motivated by a perceived request or need for future medical leave based upon Dunigan's fibromyalgia.

22. Dental Group discriminated against and terminated Dunigan for reasons that violated the Family and Medical Leave Act.

23. Because of Dental Group's violations, Dunigan suffered and continues to suffer reasonably foreseeable damages, for which Dental Group is liable.

## COUNT III - BREACH OF CONTRACT/POLICIES

24. Dunigan restates and realleges paragraphs 1 through 23 of the Complaint as though fully set forth.

25. Although Dental Group purports to engage in at-will employment relationships, it has policies and procedures, including those in the Employee Handbook, that it purports to follow and wants its employees to rely upon. These policies include a Non-Harassment provision and a provision titled "Talk to Us." A true and accurate copy of provisions of the Dental Group's Employee Handbook is attached as Exhibit A and incorporated by reference as though fully set forth..

26. Dunigan sought to exercise her employment rights under the Employee Handbook and the agreement between the parties. Her actions included seeking to proceed pursuant to the Non-Harassment policy and the Talk to Us policy.

27. In spite of following the policies and procedures upon which Dental Group wanted its employees to rely, Dunigan was terminated.

28. Dental Group's actions violated the policies and procedures it had in place, intending to induce its employees' reliance, and thereby breached its contract with Dunigan.

29. Because of Dental Group's actions and violations, Dunigan suffered and continues to suffer reasonably foreseeable damages, for which Dental Group is liable.

30. Dunigan filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC subsequently issued Dunigan a Notice of Right to Sue, a copy of which is attached as Exhibit 2 and which Dunigan received within 90 days.

WHEREFORE, the plaintiff Jill Dunigan requests that the Court enter judgment in her favor against the defendant for relief and in an amount of damages to be determined at trial, award Dunigan her costs, disbursements and fees, including actual reasonable attorney fees, and grant Dunigan such other and further relief as may be just and equitable.

## JURY DEMAND

Pursuant to Ind. Trial Rule 38, the plaintiff requests a trial by jury.

Dated this ____ day of March, 2011.

_____
Charles R. Shedlak (Bar No. 20728-71)
Shedlak & Benchik Law Firm LLP
402 W. Washington St., Suite 200
South Bend, IN 46601
(574) 233-7701
Attorney for Plaintiff